IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL COALITION OF LATINO ) <br> CLERGY, INC; CONLAMIC-OKLAHOMA; ) <br> CHURCH EFICAZ; CHURCH PIEDRA ) <br> ANGULAR; T-MAC CONSTRUCTION, INC.; ) <br> CHILINO'S RESTAURANT; JOHN DOE ONE; ) <br> JOHN DOE TWO; JOHN DOE THREE; JOHN ) <br> DOE FOUR; JOHN DOE FIVE; JOHN DOE ) <br> SIX; JOHN DOE SEVEN; JANE DOE ONE; ) <br> JANE DOE TWO; JANE DOE THREE; ) <br> JANE DOE FOUR; JANE DOE FIVE, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BRAD HENRY, Governor of the State ) <br> of Oklahoma, and DREW EDMONDSON, ) <br> Attorney General of the State of Oklahoma. ) <br> ) <br> ) <br> Defendants. ) | Case No. 07-CV-613-JHP |

## **ORDER AND OPINION**

Before the Court are Plaintiffs' Motion for Preliminary Injunction [Docket No. 5]; Defendants' Response to the Motion [Docket No. 26]; and Plaintiffs' Reply to the Response [Docket No. 27]. A hearing was held on October 31, 2007 where the Court heard argument on the Motion. For the reasons set forth herein, the Motion is DENIED.

A party seeking a preliminary injunction pursuant to Fed. R. Civ. P. 65 bears the burden of establishing:

> (1) the movant will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.

*Heidman v. South Salt Lake City,* 348 F.3d 1182, 1188 (10th Cir. 2003). It is the movant's burden to establish that *each* of these factors tips in his or her favor. *Id.* at 1188-1189 (internal citations omitted)(emphasis added). Additionally, the Court is mindful that a preliminary injunction is an "extraordinary remedy, and [one that] should not be issued unless the movant's right to relief is 'clear and unequivocal.'"*Id.* at 1188 (quoting *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001)).

In this case, Plaintiffs had the burden of establishing all four prongs of the preliminary injunction test. Plaintiffs, however, put on no evidence at the hearing on the motion for a preliminary injunction.[1] Plaintiffs' instead simply argued the fourth prong of the four-pronged preliminary injunction test: likelihood of success on the merits. In light of Plaintiffs' failure to introduce evidence in support of their motion, and in light of Plaintiffs' limited argument in support of their motion, the Court cannot conclude that the Plaintiffs' right to a preliminary injunction has been clearly and unequivocally established.

Therefore, Plaintiffs have failed to meet their burden of proof, and their Motion for a Preliminary Injunction is hereby DENIED.

IT IS SO ORDERED.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[1] Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction. 11A C. Wright & A. Miller, Federal Practice and Procedure, § 2949 at 214; *see also Bossert v. Springfield Group, Inc.*, F. Supp. 56, 58 (D.C. Ohio 1984).