IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

NATIONAL COALITION OF LATINO CLERGY, INC; CONLAMIC-OKLAHOMA; CHURCH EFICAZ; CHURCH PIEDRA ANGULAR; T-MAC CONSTRUCTION, INC.; CHILINO'S RESTAURANT; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; JOHN DOE SEVEN; JANE DOE ONE; JANE DOE TWO; JANE DOE THREE; JANE DOE FOUR; JANE DOE FIVE, et al.

Plaintiffs,

v. Case No. 07-CV-613-JHP

BRAD HENRY, Governor of the State of Oklahoma, and DREW EDMONDSON, Attorney General of the State of Oklahoma.

Defendants.

**ORDER AND OPINION**

Before the Court is Plaintiffs' Motion to Vacate Judgment [Docket No. 42].[1] Plaintiffs' ask the Court to reconsider its Order [Docket No. 40] granting Defendants' Motion to Dismiss [Docket No. 35]. Plaintiffs also seek leave to file a second amended complaint. The Motion to Vacate Judgment raises six issues for reconsideration, whether:

1. Plaintiff Church Eficaz has associational standing to challenge 21 O.S.§ 446 on behalf of its members;
2. Employer Plaintiffs have standing to challenge 25 O.S. § 1313;

[1]Because Plaintiffs' Motion is brought pursuant to Fed. R. Civ. P. 59(e), 60(b), and 15(a) it is in actuality a Motion to Alter or Amend a Judgment, a Motion for Relief from a Final Judgment and Order, and a Motion for Leave to File an Amended Complaint.

3. Plaintiff T-Mac Construction, Inc. has standing to challenge 21 O.S. § 446;
4. Plaintiffs John Doe 2 and Jane Doe 1 have standing to challenge 56 O.S. § 71;
5. Individual Plaintiffs have standing to challenge 22 O.S. § 171.2; and
6. Individual Plaintiffs have prudential standing.

(Pl.'s Mot. at 1-2.) The Court addresses each issue in turn.

**DISCUSSION**

**A. Whether Plaintiff Church Eficaz has associational standing to challenge 21 O.S. § 446 on behalf of its members**

Although it would be possible for Church Eficaz to have brought a claim based on associational standing, the complaint does not assert such a claim. Instead, the complaint asserts a claim on behalf of the church itself, not a claim by the church on behalf of any individual member. (Compl. ¶¶ 15-22.) Even if the complaint was construed as asserting an associational claim, Plaintiffs' claim that the complaint identifies an individual member with standing is not supported by the text of the complaint. The complaint mentions a "Julian Rodriguez" by name in paragraphs 21-22, but the complaint fails to describe an injury suffered by this identified individual:

> 21. Plaintiff Church Eficaz' pastor, Julian Rodriguez, has ministered to hundreds of church members for over nine years. Since passage of HB 1804, he has visited the jails and found numerous instances of individuals who believed they were stopped by local Oklahoma police because they appeared "Latino" or otherwise "foreign".
>
> 22. Pastor Julian has ministered in the jails for over four months and has never seen as many detained Latino immigrants as he has seen after passage of HB 1804. Pastor Julian believes that the local Oklahoma police have been emboldened by the language of HB 1804, especially in light of statements made by he [sic] bill's author, Oklahoma State Rep. Randy Terrill – "It would be just fine with me if we exported all illegal aliens to the surrounding states." See enclosed Exhibit "B", September 26, 2007 USA Today newspaper article.

(Compl. ¶¶ 21-22.) Because the complaint fails to identify an individual member of Church Eficaz who has suffered a concrete and particularized injury, the Court cannot find associational standing on the part of Church Eficaz. Plaintiffs' motion to reconsider this issue is therefore DENIED.

**B. Whether Employer Plaintiffs have standing to challenge 25 O.S. § 1313**

For the reasons set forth in the Court's Order of dismissal [Docket No.40], Plaintiffs' motion to reconsider this issue is DENIED.

**C. Whether Plaintiff T-Mac Construction, Inc. has standing to challenge 21 O.S. § 446**

The Court acknowledges that since 1910 Oklahoma law has made it *possible* for a corporation to be held criminally liable under a statute criminalizing acts committed by a "person". *See* Okla. Stat. tit. 21, § 105. However, Plaintiffs have cited no case authority—and the Court is aware of no reported case in the ninety-eight year existence of § 105—where that statute has led to the prosecution of a corporate entity.[2] Given the state of Oklahoma's longstanding unwillingness to prosecute corporate entities under statutes like § 446,[3] the Court is convinced that T-Mac's alleged fear of criminal prosecution is speculative and unfounded. Plaintiffs "having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs." *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979) (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)).

Furthermore, even if the Court were to determine that T-Mac's decision to refrain from renting to illegal aliens was based on a well-grounded fear of criminal prosecution, nothing in the

---

[2] The Court is aware of instances where corporations have been criminally fined by the state of Oklahoma, but only in cases where the text of the statute in question contemplated the punishment of a corporation. *See e.g. Hardeman King Co. v. State*, 233 P. 792 (Okla.Crim.App. 1925)(Involving a statute making it unlawful for any "person, firm, or corporation to sell any agricultural seed which are falsely marked or labeled.").

[3] The Court is also unaware of any instances where the United States of America has criminally prosecuted a corporation for violating 8 U.S.C.A. § 1324(a)(1)(A)(iii), the federal statute mirroring § 446 .

complaint establishes that T-Mac's decision to stop renting to illegal aliens is what has caused T-Mac's inability to find tenants for its rental properties. Without that causal connection, the Court must construe T-Mac's alleged injury not as loss of rental revenue, but as simple fear of criminal prosecution. However, assuming for the sake of argument that this fear is non-speculative, the Court is not convinced that such fear can provide the basis for standing because § 446 does not appear to criminalize any behavior not already punishable by 8 U.S.C.A. § 1324(a)(1)(A)(iii). *See Roe 1 v. Prince William County*, 2007 WL 4269575, 5 (E.D.Va. 2007) (Because the challenged laws did not "criminalize behavior that was not already punishable by local, state, or federal ordinance, ...fear of such punishment does not create a cognizable injury").

Plaintiffs' motion to reconsider this issue is therefore DENIED.

**D. Whether Plaintiffs John Doe 2 and Jane Doe 1 have standing to challenge 56 O.S. § 71**

In order to establish standing, the complaint must identify plaintiffs with concrete and particularized injuries, causally related to a challenged statute, and redressable by a favorable ruling. Even construed liberally, paragraphs 57-58 of the amended complaint simply fail to meet that standard.[4] Plaintiffs' motion to reconsider this issue is therefore DENIED.

**E. Whether Individual Plaintiffs have standing to challenge 22 O.S. § 171.2**

For the reasons set forth in the Court's Order of dismissal [Docket No.40], Plaintiffs' motion to reconsider this issue is DENIED.

**F. Whether Individual Plaintiffs have prudential standing**

For the reasons set forth in the Court's Order of dismissal [Docket No.40], Plaintiffs' motion to reconsider this issue is DENIED.

---

[4]Additionally, assuming these illegal alien Plaintiffs had constitutional standing, they would not survive the Court's prudential standing analysis.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Vacate Judgment is DENIED. Therefore, the Motion for Leave to File a Second Amended Complaint contained within the Motion to Vacate Judgment is MOOT.

IT IS SO ORDERED.

James H. Payne
United States District Judge
Northern District of Oklahoma